## Lake Shore & M. S. Ry. Co. v. Henry C. Petersen.

1. NEGLIGENCE—*Recovery for Personal Injuries—Measure of Proof.*
—In order to entitle a plaintiff to recover for the negligence of a defendant it is essential that there should be evidence tending to prove at

least with reasonable certainty, that the injury was actually inflicted by the defendant.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 2, 1900.

PAM, DONNELLY & GLENNON, attorneys for appellant.

ASAY & CLARE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellee was a brakeman in the employ of the Chicago and Northwestern Railway Company, and at the time of receiving the injury for which he sued to recover damages was one of a crew of men, all employes of such company, engaged in the act of transferring, by the aid of a locomotive, also belonging to the said Northwestern Company, the special car "Wanderer" from the depot of said company to the yards or depot of the appellant company.

The work was accomplished, and the special car was coupled to a string of passenger cars, belonging to the appellant company, standing by themselves on a track in appellant's yard near its passenger depot. While engaged, as was a part of his duty, in uncoupling the Northwestern locomotive from the special car, something caused the string of appellant's cars, to which the special car had been attached, to be suddenly moved from the further end, thus causing the drawbars of the special car and the locomotive to come quickly and forcibly together, and the appellee's hand was caught between them and badly injured.

We understand the theory of appellee's case, in part, at least, to be that the cars were suddenly moved and the injury occasioned through some improper and negligent act of the appellant, or for which the appellant was responsible. But the point is persistently made by the appellant that the record wholly fails to disclose by what force or agency the cars were moved or caused to be moved, or that the appellant was in any manner connected therewith, or in other

words, the record wholly fails to disclose any negligence by appellant.

This point is sought to be met by counsel for appellee, in their brief, by referring to the testimony of appellee, as follows:

"I do not know what moved the car, only what I heard afterward. I did not see anything strike either end of the train."

No other evidence whatever is referred to by the appellee as even tending to show what caused the car to be moved, nor can we find any after a most diligent search of the record for it.

True, it is said by counsel for appellee, that "while he (appellee) was so engaged an engine or other agency caused the Lake Shore train to back violently against the 'Wanderer' while appellee was still engaged in the act of uncoupling, and thereby he was injured." But we can not find a word of evidence to sustain the statement, and if there were evidence, in the very words of counsel, it would not, alone, convict appellant of negligence, for it is not said the "engine or other agency" belonged to the appellant, or that appellant was in any way responsible for or connected with it.

And there is the further statement in the brief for appellee that "we must confess we have little patience with appellant's claim that the record fails to disclose what caused the string of cars to bump violently the car 'Wanderer.' A careful reading of the record itself will leave no fair-minded person in doubt upon that."

While such a statement by counsel, no matter how eminent, can not supply the lack of evidence, we have, with a desire to be included in the class of persons referred to, given "careful reading" to the record with, perhaps, more patience than counsel ought to have required us to maintain in doing work he should have done, but without any of the success he so sanguinely asserts would result from our reading.

The testimony of appellee, as quoted, is the only evidence in the record that has any bearing, directly or by inference,

upon the question of what force or agency caused the cars to be moved. If we might guess that the string consisting of several cars could only have been moved, in the ordinary course of things, by the power of a locomotive applied to it, it would not follow that it was a locomotive belonging to the appellant, or one for the movements of which appellant was responsible.

The yard of appellant was, at least inferentially, not its private yard in the sense that it was used only for the cars and locomotives of the appellant, for at that very time the special car and locomotive handling it, both belonging to other corporations, were rightfully being moved about in the yard, and *non constat*, if the cars were forcibly and suddenly shoved ahead by a locomotive, it was by one that was in no sense the property or under the control of appellant.

We have heretofore held, in conformity with well-understood law, that in order to entitle a plaintiff to recover for the negligence of a defendant it is essential there should be evidence tending to prove, at least with reasonable certainty, that the injury was actually inflicted by the defendant. Crane Co. v. Stammers, 83 Ill. App. 332.

We have no purpose of trenching upon the functions of the jury to determine when, and under what circumstances, negligence as a matter of fact has been committed, but to uphold a verdict finding a defendant guilty of negligence there must be at least some evidence tending to prove such fact, and there was none in this case.

We observe no other substantial error in the record, but for that pointed out the judgment will have to be reversed and the cause remanded.